## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| ROBERT C. ANDERSON | ) | Case No.: 14-00823 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |

## OBJECTION TO MOTION TO EXTEND AUTOMATIC STAY

The Cambridge Apartment Condominium Association (the "Association"), by and through its attorney, Kevin H. Morse of Arnstein & Lehr LLP, hereby objects (the "Objection") to the Motion to Extend Automatic Stay (the "Motion"). In objection to the Motion, the Association states as follows:

1. The Association is a residential condominium membership association charged with operation and administration of the residential condominium development at 2210 East 70th Place, Chicago, IL 60649 (the "Cambridge Apartment Condominiums").

2. At all relevant times, the debtor, Robert C. Anderson (the "Debtor"), has owned residential condominium Unit 106 at the Cambridge Apartment Condominiums ("Unit #106")

3. As the owner of Unit #106, the Debtor is required to remit monthly condominium assessments to the Association. The Debtor is required to remit assessments to the Association in the amount of $312.84 per month plus any additional special assessment, parking assessments and common expenses, including, but not limited to, late fees, court costs and attorneys' fees (the "Assessments").

4. On August 25, 2011 (the "2011 Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") (Case No. 11-34750) (the "2011 Bankruptcy Case"). A copy of the docket for the 2011 Bankruptcy Case is

11439594.1

attached as **Exhibit A**. As of the 2011 Petition Date, the Debtor owed the Association at least $11,000.00 in unpaid assessments.

5. On December 19, 2012, the 2011 Bankruptcy Case was dismissed for failure to make plan payments. A copy of the Notice of Dismissal and case docket from the 2011 Bankruptcy Case is attached as **Exhibit B**. Debtor's creditors received $514.37 in payments from the Chapter 13 Trustee during the 2011 Bankruptcy Case.[1] A copy of the Trustee's Final Report for the 2011 Bankruptcy Case is attached as **Exhibit C.**

6. On January 23, 2013 (the "2013 Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (Case No. 13-02501) (the "2013 Bankruptcy Case"). A copy of the docket for the 2013 Bankruptcy Case is attached as **Exhibit D**. On May 30, 2013, the Association filed a Motion for Relief from Stay to permit the Association to exercise any and all of its state court remedies against Unit #106. A copy of the Association's Motion for Relief from Stay is attached as **Exhibit E.** As of the 2013 Petition Date, the Debtor owed the Association $27,955.69 in unpaid assessments. See Exhibit E, at ¶ 6. Furthermore, no post-petition payments were made to the Association. Id. at ¶ 7.

7. On June 11, 2013, the Association's motion for relief from the stay was granted and the Association was permitted to pursue any and all state court remedies available as to Unit #106 (the "Order"). A copy of the Order is attached as **Exhibit F**.

8. On August 2, 2013, the Association filed a forcible entry and detainer action against the Debtor for possession of Unit #106. A trial on the forcible entry and detainer action was set for September 4, 2013, and later continued to October 16, 2013.

9. On September 24, 2013, the Bankruptcy Court dismissed the Debtor's 2013

---

[1] The Debtor paid a total $4,579.80 during the 15 months the case was pending, however, $4,065.43 of this amount went to the expenses of administration of the 2011 Bankruptcy Case.

11439594.1

Bankruptcy Case for failure to make plan payments. The order dismissing the 2013 Bankruptcy Case is attached as **Exhibit G**. The 2013 Bankruptcy Case was pending for 10 months and the Debtor paid $850.00 to the Chapter 13 Trustee. The creditors received $59.82 in distributions during the 2013 Bankruptcy Case. A copy of the Trustee's Final Report for the 2013 Bankruptcy Case is attached **Exhibit H**.

10.    On October 16, 2013, Circuit Court Judge Aicha MacCarthy entered an Order for Possession and *in rem* judgment against Unit #105 in the amount of $30,886.55, plus fees and costs (the "Order for Possession"). A copy of the Order for Possession is attached as **Exhibit I**. Pursuant to Illinois law, execution of the Order for Possession was stayed until December 16, 2013.

11.    On January 2, 2014, the Association sent Debtor an eviction letter informing Debtor that pursuant to the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-111, that unless all outstanding amounts were paid in full the sheriff will perform an eviction on Unit #106 (the "Eviction Letter"). A copy of the Eviction Letter is attached **Exhibit J**.

12.    On January 13, 2014 (the "Petition Date"), only eleven days after the Association sent the Eviction Letter, the Debtor filed the current Chapter 13 case (Case No. 14-00823). The Debtor contemporaneously filed the Motion.

13.    The Debtor has continued to fail to pay his monthly assessments to the Association. A total of $29,626.73 of unpaid condominium assessments and related charges with respect to Unit #106 are due from the Debtor as of the Petition. An itemized account ledger reflecting the outstanding amount due the Association is attached **Exhibit K**. The Debtor has not made any payments to Association is more than two years and the current bankruptcy case, his third in the previous 13 months, was unquestionably filed in bad faith to again stop the Association's eviction proceedings.

11439594.1

## RELIEF REQUESTED

14. The Association respectfully requests this Court deny the Debtor's request to extend the automatic stay as to Association and allow the Association to continue the eviction of Unit #106 and to exercise any and all of its rights and remedies under Illinois law.

## BASIS FOR RELIEF

15. Section 362(c)(3) of the Bankruptcy Code limits the duration of the automatic stay in a case filed by a debtor who has had a prior case dismissed within the year. 11 U.S.C. § 362(c)(3). If a single case is filed by an individual debtor under chapter 13 and the debtor has had a case that was pending within the preceding one-year period and was dismissed, the automatic stay with respect to any action taken in relation to a debt or property securing such debt expires with respect to the debtor on the 30th day after the filing of the later case. *Id.*

16. Section 362(c)(3)(B) continues that "on motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court *may* extend the stay in particular cases . . . *only if* the party in interest demonstrate that the filing of the later case is in good faith as to the creditors to be stayed . . . ." 11 U.S.C. § 362(c)(3)(B) (emphasis added).

17. However, section 362(c)(3)(C)(ii) states that for purposes of a motion for extension of the automatic stay, "*a case is presumptively filed not in good faith* (but such presumption may be rebutted by clear and convincing evidence to the contrary) . . . (ii) as to any creditor that commenced [a relief from stay action] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action . . . had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor." 11 U.S.C. § 362(c)(3)(C)(ii) (emphasis added).

18. Pursuant to the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-111, when the owner of a condominium unit fails to pay its proportionate share of condominium common expenses (as defined by the Illinois Condominium Property Act), the condominium association is entitled to

11439594.1

possession of that unit. Moreover, if any unit owner fails to pay any common expenses when due, the amount thereof together with any interest, late charges, reasonable attorney fees incurred and costs of collection shall constitute a lien on the interest of the unit owner in the property. 765 ILCS 605/9(g)(1).

19. In this case, the automatic stay should not be extended as to the Association because the Association was granted relief from the automatic stay in the 2013 Bankruptcy Case and the Debtor cannot rebut the presumption of bad faith by clear and convincing evidence as to the Association.

20. The facts supporting termination of the stay as to the Association are indisputable and cannot allow the Debtor to extend the stay as to the Association. The Debtor has willfully chosen not to pay his Assessments to the Association for numerous years and has instead elected to abuse the protections of bankruptcy to the hinder the Association. The current case was filed on the eve of eviction, after the Debtor had already accumulated nearly $30,000 in unpaid Assessments, only to avoid the Association's action. The Association was granted relief from the automatic stay in the 2013 Bankruptcy Case based on the Debtor's failure to make any prepetition or post-petition payments and no circumstances have changed. The Debtor is by far the Association's most egregious violator and a further extension of the stay would cause great prejudice to the Association's other members.

21. The Debtor must rebut the presumption of bad faith as to the Association by clear and convincing evidence in order to extend the automatic stay to the Association. In support of the Motion, the Debtor provides factual statements that fail to meet his burden to rebut the presumption of bad faith. The Debtor's well-documented history of evading Assessments and using bankruptcy to delay the Association would require far more clear and convincing evidence that Debtor's hide-and-seek tactics have ceased. The Motion states the Debtor is in position to make timely trustee plan

payments and mortgage payments. However, the Debtor has essentially spent the previous twenty-six (26) months (from the 2011 Petition Date to the current Petition Date) in Chapter 13 bankruptcy and has never been interested, willing, or able to make trustee payments or payments to the Association. The Debtor has failed to meet his burden and the Motion should be denied as to the Association.

22.     As a result of the Association's relief from the automatic stay in the 2013 Bankruptcy Case, the Debtor's failure to pay her Assessments and inability to rebut the presumption of bad faith by clear and convincing evidence, pursuant to 11 U.S.C. § 362(c)(3)(C)(ii), this Court should enter an Order (1) extending the automatic stay to all creditors except for the Association; and (2) authorizing the Association to continue the eviction of Unit #106 and exercise any and all of its rights and remedies under Illinois law effective February 13, 2014.

## CONCLUSION

WHEREFORE, The Cambridge Apartment Condominium Association respectfully requests that this Court enter an Order (1) extending the automatic stay to all creditors except for the Association; (2) authorizing the Association to continue the eviction of Unit #106 and exercise any and all of its rights and remedies under Illinois law effective February 13, 2014; and (3) granting any other and further relief as is just and proper.

CAMBRIDGE APARTMENT
CONDOMINIUM ASSOCIATION

By:  /s/  Kevin H. Morse
         One of Its Attorneys

Kevin H. Morse (06297244)
ARNSTEIN & LEHR, LLP
120 South Riverside Plaza
Chicago, IL 60606
Tel:  (312) 876-7100
Fax: (312) 876-0288

11439594.1